UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| STANLEY ELLIS,<br><br>             Plaintiff,<br><br>      v.<br><br>GOVERNMENT EMPLOYEE INSURANCE COMPANY, a Maryland corporation,<br><br>             Defendant. | No. 2:22-cv-01580 WBS JDP<br><br>ORDER RE: DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS |

----oo0oo----

     Plaintiff Stanley Ellis brought this action against Government Employee Insurance Company ("GEICO") asserting claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) unfair competition, under Cal. Bus. & Prof. Code §§ 17200 et seq. (Docket No. 1, Ex. A ("Complaint").) The parties stipulated to dismiss the unfair competition claim (Docket No. 8) and the court dismissed the claim with prejudice (Docket No. 9). Defendant now moves for partial judgment on the pleadings as to plaintiff's first claim

1

1  for breach of contract.  (Mot. (Docket No. 7-1).)
2          The court considers defendant's motion for judgment on
3  the pleadings as it would a motion to dismiss.  See Sprint
4  Telephony PCS, L.P. v. Cnty. of San Diego, 311 F. Supp. 2d 898,
5  902 (S.D. Cal. 2004) ("A Rule 12(c) motion for judgment on the
6  pleadings and a Rule 12(b)(6) motion to dismiss are virtually
7  interchangeable.").  Because no evidence is currently before the
8  court, the court declines to consider granting judgment at this
9  stage and will instead considers whether the challenged claim
10 merits dismissal.  See Sprint, 311 F. Supp. 2d at 903.
11         A claim for breach of contract requires proof of four
12 elements: "(1) existence of the contract; (2) plaintiff's
13 performance or excuse for nonperformance; (3) defendant's breach;
14 and (4) damages to plaintiff as a result of the breach."  CDF
15 Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008).
16         Plaintiff's complaint in this case does not
17 sufficiently allege facts to show that he suffered any damages
18 resulting from the alleged breach.[1]  See id., 158 Cal. App. 4th
19 at 1239 (explaining that damages resulting from the breach is one
20 of four required elements for a cause of action for breach of
21 contract); see also Behnke v. State Farm Gen. Ins. Co., 196 Cal.
22 App. 4th 1443, 1468 (2011) ("Damages are an essential element of
23 a breach of contract claim.") (citation omitted).  For example,
24 plaintiff does not allege that he "suffered any direct damages
25 flowing from" defendant's alleged unreasonable delay in paying

---

[1] It is undisputed that defendant ultimately paid plaintiff the full value under the policy which is the subject of the action.

2

plaintiff his benefits due under the contract. See Becerra v. Allstate Northbrook Indem. Co., No. 22-cv-00202 BAS MSB, 2022 WL 2392456, at *6 (S.D. Cal. July 1, 2022) (explaining that a plaintiff who has been paid all that is owed under a contract may still pursue a breach of contract claim on the theory of unreasonable delay) (citation omitted).

Nor does plaintiff make any allegations that he is owed interest.[2] See Mendoza v. OM Fin. Life Ins. Co., No. C 09-01211 JW, 2009 WL 10697369, at *3 (N.D. Cal. Nov. 19, 2009) (permitting a breach of contract claim where "plaintiff allege[d] other damages, such as interest under California Civil Code section 3302, incidental, and out-of-pocket damages"). Accordingly, plaintiff's breach of contract claim must be dismissed.

IT IS THEREFORE ORDERED that defendant's Motion for Partial Judgment on the Pleadings (Docket No. 7-1), construed as a motion to dismiss, be, and the same hereby is, GRANTED, and plaintiff's claim for breach of contract is hereby DISMISSED. Plaintiff has twenty days from the date of this Order to file an amended complaint, if he can do so consistent with this Order.

Dated: December 15, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] The court expresses no view as to whether plaintiff could base his claim for breach of contract on owed interest (See Pilimai v. Farmers Ins. Exchange Co., 39 Cal. 4th 133, 146 (2006)) if he had made such allegation.

3