UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| STANLEY ELLIS,<br><br>    Plaintiff,<br><br>  v.<br><br>GOVERNMENT EMPLOYEE INSURANCE COMPANY, a Maryland corporation,<br><br>    Defendant. | No. 2:22-cv-01580 WBS JDP<br><br><br>ORDER |

----oo0oo----

    Plaintiff Stanley Ellis requests to seal exhibits pursuant to federal and state laws protecting the confidentiality of trade secrets.  (Docket No. 31.)  See 18 U.S.C. § 1835; Cal. Civ. Code § 3426.

    A party seeking to seal a judicial record bears the burden of overcoming a strong presumption in favor of public access.  Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  Where a party seeks to seal an attachment related to a dispositive pleading, the party must "articulate

1

1 compelling reasons supported by specific factual findings that
2 outweigh the general history of access and the public policies
3 favoring disclosure, such as the public interest in understanding
4 the judicial process." Id. at 1178-79 (citations omitted).  The
5 court then must balance the competing interests of the public and
6 the party seeking to keep records secret. Id. at 1179.

7         Plaintiff requests to seal a GEICO "Feature Summary"
8 spanning Bates No. CIQ000001-03 in support of its opposition to
9 defendant's motion for summary judgment.[1]  (Docket No. 29-1 at
10 28-30.)  Upon review, it is not clear to the court how anything
11 in the Feature Summary constitutes a trade secret.  Neither does
12 plaintiff provide any indication why its public disclosure "would
13 irreparably harm [defendants]."  (Docket No. 31-1 ¶ 6.)  It is
14 further unclear why sealing the entire Feature Summary is
15 necessary to prevent it from being used "as sources of business
16 information that might harm a litigant's competitive standing,"
17 see Nixon v. Warner Communications, Inc., 434 U.S. 589, 598
18 (1978), or how disclosure of the document would invade
19 defendant's or a third party's privacy.  Finally, sealing this
20 information may prevent the public from understanding the basis
21 upon which the court makes its decisions, and plaintiff fails to
22 explain how its harm outweighs public policies favoring
23 disclosure.  See Kamakana, 447 F.3d at 1178-79.

24         Given the public policies favoring disclosure and

---

[1] The court notes that plaintiff seeks to seal documents produced by defendant "pursuant to [the belief that public disclosure would irreparably harm defendant], the spirit of [the parties' stipulated protective order] and conduct of the parties in this litigation."  (Docket No. 31-1 ¶ 6.)

plaintiff's failure to show compelling reasons to seal the document at issue, the request will be denied.  The court may consider a more tailored request, such as redacting a portion of the Feature Summary, which specifically states the basis for sealing or redacting this document and why defendant's harm outweighs public policies favoring disclosure.

        IT IS THEREFORE ORDERED that plaintiff's request to seal (Docket No. 31) be, and the same hereby is, DENIED without prejudice.

Dated:  January 24, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE