UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| STANLEY ELLIS,<br><br>          Plaintiff,<br><br>   v.<br><br>GOVERNMENT EMPLOYEE INSURANCE COMPANY, a Maryland corporation,<br><br>          Defendant. | No. 2:22-cv-01580 WBS JDP<br><br>ORDER RE: BILL OF COSTS |

----oo0oo----

        The court entered summary judgment in favor of defendant on March 19, 2024. (Docket No. 50.) On March 28, 2024, defendant submitted a Bill of Costs pursuant to Local Rule 292(b). (Docket No. 51.) Defendant claims costs of $402.00 for removal, and $25,737.35 for obtaining copies of witness deposition transcripts, videos, and related exhibits for use in this case, for a total bill of $26,139.35. (Id.) Plaintiff has not objected to the costs pursuant to Local Rule 292(c), and the time to do so has passed.

1

        Federal Rule of Civil Procedure 54(d)(1) governs the taxation of costs and provides that "costs -- other than attorney's fees -- should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  28 U.S.C. § 1920 enumerates which costs are taxable and allows for the recovery of "[f]ees of the clerk and marshal," id. § 1920(1); "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," id. § 1920(2); and "the costs of making copies of any materials where the copies are necessarily obtained for use in the case," id. § 1920(4).  "The cost of deposition copies is 'encompassed' by section 1920(2), and is therefore properly taxed" under 28 U.S.C. § 1920.  Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 177 (9th Cir. 1990).  "[28 U.S.C.] section 1920(4) enables a court to award copying costs for any document 'necessarily obtained for use in the case' and does not specifically require that the copied document be introduced into the record to be an allowable cost."  Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc., 920 F.2d 587, 588 (9th Cir. 1990).

        Given that defendant is the prevailing party in this case, the court has discretion to allow for their "recovery of deposition costs and copying costs." See Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc., 260 F.3d 1054, 1061 (9th Cir. 2001); see also E.D. Cal. L.R. 292(f).  "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999).

After reviewing defendant's Bill of Costs, which encompasses costs incurred for ten (10) depositions, and in light of the fact that plaintiff has not objected, the court finds that defendant's claimed costs of $26,139.35 are reasonable here.

Accordingly, costs of **$26,139.35** will be taxed against plaintiff.

IT IS SO ORDERED.

Dated: April 19, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE